UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL ACTION

KEITH PARKER                                       NUMBER 05-89-RET-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 2, 2011.

                                    **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                                    CRIMINAL ACTION

KEITH PARKER                                                      NUMBER 05-89-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by petitioner Keith Parker. Record document number 132. The United States of America filed an opposition.[1]

**Procedural History**

Petitioner was found guilty of one count possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count possession of Hydrocodone in violation of 21 U.S.C. § 844(a), one count possession with intent to distribute marijuana and cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (A). On March 12, 2009, the petitioner was sentenced to 180 months in the custody of the United States Bureau of Prisons. Petitioner appealed his conviction. Petitioner's conviction was affirmed on appeal. *United States v. Keith Parker*, 365 Fed. Appx. 562 (5th Cir.), *cert. denied*, 130

---

[1] Record document number 139.

S.Ct. 2421 (2010).

Petitioner signed his motion on May 10, 2010, and it was filed on May 11, 2010. Petitioner raised two grounds for relief:

(1) the prosecution failed to disclose favorable evidence; and

(2) he was denied effective assistance of counsel.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

**Applicable Law and Analysis**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Ground for Relief One: *Brady* Violation**

In his first ground for relief the petitioner argued that the government withheld favorable evidence in violation of his due process rights. Specifically, the petitioner argued that the government and his court appointed counsel failed to advise the jury that he was arrested and booked on federal charges by the U.S. Marshal on April 6, 2005.

The prosecution's suppression of material evidence favorable to the accused violates due process regardless of whether or not the prosecution acted in good faith or

bad faith in failing to make a timely disclosure of the evidence. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963); *Jones v. Butler*, 864 F.2d 348, 354 (5th Cir. 1988), *cert. den.*, 490 U.S. 1075, 109 S.Ct. 2090 (1989). To be entitled to federal habeas corpus relief, the petitioner must show: (1) the prosecution suppressed evidence, (2) the suppressed evidence was "favorable to the accused," and (3) the evidence was "material" either to guilt or punishment. *Brogdon v. Butler*, 790 F.2d 1164, 1167 (5th Cir. 1986), *cert. den.*, 481 U.S. 1042, 107 S.Ct. 3245 (1987). Evidence that is "favorable to the accused" includes evidence that tends directly to exculpate the accused as well as evidence that impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763 (1972); *Porretto v. Stalder*, 834 F.2d 461, 464 (5th Cir. 1987). The touchstone of materiality is a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1566 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*.

Petitioner failed to show that the prosecutor suppressed evidence. Moreover, the evidence regarding the date the petitioner was arrested and booked on federal charges was not exculpatory. Petitioner's *Brady* claim is without merit.

**Ground for Relief Two: Ineffective Assistance of Counsel**

In his second ground for relief, the petitioner argued that he was denied effective assistance of counsel by two court-appointed counsel. Specifically, the petitioner argued that he was denied effective assistance of counsel when attorney Richard M. Upton failed

to file motions, advised him to refrain from filing pro se motions, failed to appeal the denial of motions by the district court and filed an Anders brief to the Fifth Circuit Court of Appeals regarding his appeal of the district court's order denying him pretrial release.  Petitioner argued that he was denied effective assistance of counsel when attorney Thomas Damico took 15 months to contact him.

No aspect of the petitioner's ineffective assistance of counsel claim has any merit.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064.  To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In the first and third components of his ineffective assistance of counsel claim the petitioner argued that Upton failed to file any motions or appeal pro se motions filed by him. In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that Upton filed an Anders brief regarding his appeal of the district court's order denying him pretrial release.

A review of the record showed that Upton filed a memorandum and supplemental

4

memorandum in support of the petitioner's motion to suppress evidence[2] and proposed Voir Dire and Jury Instructions[3] prior to withdrawing from the case. In addition, Upton filed an Anders brief after advising the petitioner that there were no meritorious grounds upon which to appeal. *Strickland* does not require counsel to file every conceivable motion in defense of his client. Petitioner has presented no basis upon which to conclude that Upton's failure to file some unspecified motion, appeal and Anders brief was deficient.

In the second component of his ineffective assistance of counsel claim the petitioner argued that Upton advised him to refrain from filing pro se motions. Once again, the petitioner failed to demonstrate that Upton's representation fell below an objective standard of reasonableness.

Finally, the petitioner argued that Damico did not contact him for 15 months.

In order to satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's actions fell beneath an objective standard of reasonable professional assistance. The second prong is satisfied by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. An insufficient showing of prejudice leads to rejection of the claim without inquiry into the adequacy of counsel's performance. *Strickland v. Washington*, 466 U.S. at 697-98, 104 S.Ct. at 2069-70; *United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

---

[2] Record document numbers 19 and 24.

[3] Record document numbers 36 and 37, respectively.

Petitioner has not demonstrated either deficient performance nor prejudice. Petitioner's ineffective assistance of counsel claim is without merit.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed in Baton Rouge, Louisiana, on August 2, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**